**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4954**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO SHAKUR TUCKER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, Senior District Judge.  (5:13-cr-00110-H-1)

Submitted:  May 30, 2014                Decided:  June 5, 2014

Before WILKINSON, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Raymond C. Tarlton, TARLTON LAW PLLC, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Shakur Tucker pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2012) (Count One), and one count of possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (Count Two). Because Tucker had three prior violent felony convictions, there was a statutory mandatory minimum fifteen year sentence for Count One. See 18 U.S.C. § 924(e)(1). The district court sentenced Tucker to a within-Guidelines sentence of 210 months for Count One and 120 months for Count Two, to run concurrently. On appeal, Tucker contends that the court did not sufficiently consider his argument for a sentence at the low end of the Guidelines. He also contends that the statutory mandatory minimum sentence was not appropriate because he did not admit to the prior convictions nor were the convictions proven beyond a reasonable doubt. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). We first review for significant procedural errors, and if the sentence is free from such error, we then review for substantive reasonableness. Id. at 51. Procedural errors include improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory, failing to

2

consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence.  Id.  To adequately explain the sentence, the district court must make an "individualized assessment" by applying the relevant § 3553(a) factors to the case's specific circumstances.  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).  The individualized assessment need not be elaborate or lengthy, but it must be adequate to allow meaningful appellate review.  Id. at 330.

When explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007).  While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record.  United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).  This is particularly true when the sentence is within the Guidelines.  Id.

After reviewing the sentencing transcript, we conclude that the district court adequately explained its reasoning for the chosen sentence.  In response to counsel's argument for a sentence at the low end of the Guidelines, the court took note of the need for deterrence, the number of times Tucker had been

3

incarcerated and Tucker's criminal history, which it described as "exceedingly long and exceedingly criminal."

We also find no error with the statutory mandatory minimum sentence under § 924(e)(1). Tucker was given notice that he could be sentenced under § 924(e) based on three prior violent felony convictions and did not challenge the basis for that finding. See Almendarez-Torres v. United States, 523 U.S. 224, 228-35 (1998). The convictions did not need to be admitted by him or proven beyond a reasonable doubt. See United States v. McDowell, 745 F.3d 115, 124 (4th Cir. 2014) (Almendarez-Torres "remains good law").

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4